# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

THE SATER DESIGN COLLECTION, INC.; THE
SATER GROUP, INC.,

                         Plaintiffs,

-vs-                                                      Case No.  2:06-cv-27-FtM-99SPC

RELIABLE HOMES, INC.; JACK F.
STEPHENSON,

                         Defendants.
_____

## REPORT AND RECOMMEDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff and Third Party Defendant's Motion to Dismiss Counterclaim and for a More Definite Statement (Doc. #29) filed on May 19, 2006, and the Plaintiff the Sater Group, Inc. and Third Party Defendant Dan F. Sater, II's Motion to Strike Amended Counterclaim and Amended Third Party Complaint (Doc. # 39) filed on July 21, 2006. On November 27, 2006, the District Court referred the Motions to this Court for a Report and Recommendation.

      The Defendant's original answer (Doc. # 10) was filed on February 22, 2006, however that document was not signed by counsel so at the Clerk's direction the Defendant re-filed its Answer, Affirmative Defenses, Counterclaim and Third Party Complaint (Doc. # 12) on February 23, 2006. On May 26, 2006, the Plaintiff filed a Motion to Dismiss the Third Party Counter Claim (Doc. # 29) in response to the Defendant's Counterclaim and Third Party Complaint.  On June 5, 2006, the Defendant filed a Response in Opposition to the Motion to Dismiss and for a More Definite

Statement (Doc. # 30).  In its Response in Opposition the Defendant stated that it would amend its Counterclaim and Third Party Complaint and on June 29, 2006, the Defendant filed its Amended Counterclaim and Amended Third Party Complaint (Doc. #32). Thus, the original Motion to Dismiss the Third Party Complaint (Doc. # 29) is now moot.

On July 21, 2006, the Plaintiffs filed their Motion to Strike the Amended Third Party Complaint.  As grounds the Plaintiffs state the Amended Counterclaim and Third Party Complaint violated the Federal Rules because the Defendant did not seek the Court's permission to amend.  The original February 23, 2006, amended complaint (Doc. # 12) was filed in response to the direction of the Clerk of the Court and was not filed as an amended motion and thus, the Defendant had never filed an amended counterclaim and complaint.  Subsequently on May 9, 2006, the Defendant filed a notice of scriveners error and filed an Amended Counterclaim correcting the subtitle to Count IV.  According to the Defendant no other changes were made.  On June 29, 2006, the Defendant filed an Amended Counter Claim and Amended Third Party Complaint.  The Plaintiff moves to strike the Amended Counter Claim and Amended Third Party Complaint because the Defendant did not seek leave of the Court to file and amended pleading.

Pursuant to Fed R. Civ. P. 15(a), a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); Keene v. Teco Energy Corp., 2000 WL 230243 (M.D. Fla.).  On May 19, 2006, the Plaintiffs filed a Motion to Dismiss which under the Federal Rules is not a responsive pleading. Therefore, the Amended Counterclaim and Third Party Complaint (Doc. #32) was filed prior to the Defendant's filing of a responsive pleading and as such Defendant did not need to seek leave of the

court to file the Amended Counterclaim and Third Party Complaint. Consequently, the Motion to Strike should be denied.

The Plaintiff also requested, in the event the Court accepted the Amended Counterclaim and Amended Third Party Complaint as properly filed, that they be allowed ten (10) days to respond. Having found that the Amended Counterclaim and Amended Third Party Complaint (Doc. #32) was properly filed, good cause exists to grant the ten (10) days to respond.

Accordingly, it is now **RECOMMENDED:**

(1) The Plaintiff and Third Party Defendant's Motion to Dismiss the Counterclaim and for a More Definite Statement (Doc. #29) should be **DENIED** as moot.

(2) The Plaintiff the Sater Group, Inc. and Third Party Defendant Dan F. Sater, II's Motion to Strike Amended Counterclaim and Amended Third Party Complaint (Doc. # 39) should be **DENIED.**

(3) The Plaintiff the Sater Group, Inc. and Third Party Defendant Dan F. Sater, II's Motion an Extension of Time to Respond to the Amended Counterclaim and Amended Third Party Complaint (Doc. # 39) should be **GRANTED.** The Plaintiff should have ten (10) days after the Court rules on the Report and Recommendation to Respond.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this ___29th___ day of November, 2006.

/s/ Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record